# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EASTLAKE EDISON LLC, *et al.*, | Case No. 1:25-cv-1470 |
| Plaintiffs, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| NATIONAL SPECIALTY INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiffs Eastlake Milford LLC and Eastlake Edison, LLC sued Defendants National Specialty Insurance Co. and Verifly Insurance Services, LLC in State court for breach of contract, declaratory relief, bad faith, negligence, and relief pursuant to Ohio's Supplemental Complaint Statute. Defendants removed the case, and Plaintiffs moved to remand. For the following reasons, the Court **GRANTS** the motion to remand.

## BACKGROUND

Plaintiffs hired a contractor to develop an out-parcel within a parking lot of their property in Eastlake, Ohio. (ECF No. 1-2, ¶¶ 8–9, PageID #10–11.) Eastlake and the contractor entered into a construction contract, which included the scope of services, labor, materials, and costs for the project. (*Id.*, ¶¶ 12–19, PageID #11–12.) National Specialty provided an insurance policy for the property. (*Id.*, ¶ 5, PageID #10.)  Verifly produced the insurance policy and issued the certificate of liability

insurance. (*Id.*, ¶ 6, PageID #10.) The contractor provided a certificate of liability insurance to Eastlake. (*Id.*, ¶ 20, PageID #13.) At the time, however, Eastlake alleges that it did not receive a copy of the insurance policy. (*Id.*, ¶ 22, PageID #14.)

According to the complaint, though the contractor began construction, the contractor failed to obtain the necessary permits and approvals for the project. (*Id.*, ¶¶ 30–31, PageID #15.) To give approval, the county government allegedly required the work to be redone. (*Id.*, ¶ 35, PageID #15.) But the contractor failed to redo the work and abandoned the project. (*Id.*, ¶ 64, PageID #18.)

Plaintiffs filed an arbitration demand against the contractor for allegedly breaching the contract and for the costs to repair and replace the improper work. (*Id.*, ¶¶ 36–63, 67, PageID #15–18.) Plaintiffs allege that they served the demand for arbitration on the contractor and on National Specialty. (*Id.*, ¶ 68, PageID #18.) National Specialty denied Eastlake's claim based on exclusions under the policy. (*Id.*, ¶ 73, PageID #19.) According to the complaint, the contractor and National Specialty did not participate in the arbitration. (*Id.*, ¶¶ 69, 72 & 79–80, PageID #18–20.) Plaintiffs received an arbitration award of $299,999.99 in damages with interest at 5% per annum from the date of the award, $18,588.00 in attorney's fees, and $6,945.00 in administrative fees and costs. (*Id.* ¶ 85, PageID #21.)

A State court confirmed the arbitration award and made it a judgment. (*Id.*, ¶ 91, PageID #22.) Plaintiffs filed this lawsuit seeking to recover the judgment from Defendants National Specialty and Verifly. (*Id.*, ¶ 92, PageID #22.) Plaintiffs brought claims against National Specialty for breach of contract, declaratory

judgment, bad faith, and relief pursuant to Ohio's Supplemental Complaint Statute. (ECF No. 1-2.) Plaintiffs brought one claim against Defendant Verifly for negligence. (*Id.*) Defendants removed the case to federal court (ECF No. 1), and Plaintiffs moved to remand (ECF No. 7).

## GOVERNING LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power that the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996). As the party invoking federal jurisdiction, a defendant seeking to remove the case bears the burden of establishing that the Court would have had original jurisdiction if the plaintiff filed suit in federal court in the first instance. *See, e.g.*, *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Courts strictly construe the removal statute and resolve all doubts in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

In general, "[f]ederal courts have original jurisdiction over two types of cases: cases that involve a federal question . . . and cases in which there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied." *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (citing 28 U.S.C. §§ 1331, 1332(a)). Here, Plaintiffs bring no causes of action under federal law, and Defendants invoke diversity jurisdiction as the basis for removal.

3

ANALYSIS

Diversity jurisdiction exists under Section 1332 where the dispute is between citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[F]or diversity jurisdiction to be proper under § 1332, no plaintiff and no defendant can be the citizen of the same state." *Tennial v. Bank of America*, No. 17-6377, 2020 WL 2530872, at *1 (6th Cir. Apr. 15, 2020). A corporation has the citizenship of its state of incorporation and its principal place of business. *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017). A limited liability company "has the citizenship of its member and sub-members." *Akno 1010 Mkt. Street. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022). "Because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009). Where the members of an LLC are individuals, citizenship is based on the person's domicile. *Id.* "'Domicile,' a legal term of art, requires that a person *both* be present in a state *and* have "the intention to make his home there indefinitely or the absence or an intention to make his home elsewhere." *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (quoting *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973)).

Plaintiffs Eastlake Edison LLC and Eastlake Milford LLC have the same three members. (ECF No. 7-1, ¶ 6, PageID #243.) The three members are individuals and are domiciled in New York. (*Id.*) Accordingly, Eastlake Edison LLC and Eastlake

4

Milford LLC are citizens of New York. Defendant National Specialty is a Texas corporation with a principal place of business in Texas. (ECF No. 1, ¶ 6, PageID #2.) Accordingly, National Specialty is a citizen of Texas. (*Id.*) Defendant Verifly is a New York corporation with a principal place of business in New York. (ECF No. 1, ¶ 7, PageID #2–3.) Accordingly, Verifly is a citizen of New York. (*Id.*) Plaintiffs and Defendant Verifly share New York citizenship. Therefore, complete diversity does not exist.

Defendants argue that Plaintiffs fails to state a colorable claim against Defendant Verifly and that inclusion of Verifly as a Defendant amounts to fraudulent joinder. (ECF No. 8, PageID #245.) Plaintiffs brought one claim against Verifly for negligence under State law. (ECF No. 1-2, PageID #24.) Because Verifly "was not in privity with Eastlake and was not an insurer," Defendants argue that Plaintiffs failed to identify the source of Verifly's duty to Eastlake and that the failure is fatal to the claim. (ECF No. 8, PageID #252.) In support of their motion to remand, Plaintiffs argue that Verifly owed Eastlake a common-law "duty to exercise good faith in securing the Policy." (ECF No. 9, PageID #264.)

Verifly is an insurance producer. (ECF No. 8, PageID #246.) Ohio law defines a "producer" as a person who solicits, negotiates, or procures the "making of any insurance contract on behalf of an insured" for any compensation, commission or anything of value. Ohio Rev. Code § 3905.61(G). As a producer, Verifly obtained a policy on behalf of Eastlake, the insured, for construction, but the insurance policy

contained exclusions for ongoing construction. (ECF No. 1-2, ¶¶ 8, 13, 73 & 88–89, PageID #10, 11, 19, 21–22.)

Whether Plaintiffs state a colorable claim against Verifly turns on whether Verifly had a duty to Plaintiffs and failed to perform that duty. *See, e.g.*, *Fry v. Walters & Peck Agency, Inc.*, 141 Ohio App.3d. 303, 310, 750 N.E.2d 1194 (Ohio Ct. App. 2001) (where an insurance agency knows that a customer is "relying on its expertise, the agency may have a further duty to exercise reasonable care in advising the customer"); *First Catholic Slovak Union v. Buckeye Union Ins. Co.*, 27 Ohio App. 3d 169, 170, 499 N.E.2d 1303 (Ohio Ct. App. 1986) ("An insurance sales agency has a duty to exercise good faith and reasonable diligence in obtaining insurance which its customer requests."). Plaintiff may also have a corresponding duty to Verifly. *See, e.g., Craggett v. Adell Ins. Agency*, 92 Ohio App. 3d 443, 453, 635 N.E.2d 1326 (Ohio Ct. App. 1993) (noting that the customer "has a duty to examine the coverage provided and is charged with knowledge of the contents of [their] own insurance policies").

Plaintiffs allege that Defendant Verifly failed to advise them of any exclusion for ongoing operations and that, had Plaintiffs been made aware of such an exclusion, "Plaintiffs would not have proceeded" with the policy at issue. (ECF No. 1-2, ¶¶ 90 & 112, PageID #22 & 24.) These allegations place at issue whether Verifly breached a duty to exercise good faith in fulfilling its role as a producer and whether Plaintiffs discharged their obligation to examine the policy procured to determine whether it met their needs.

If the State court later determines that Verifly owed no such duty to Plaintiffs or is otherwise not a proper party, removal may be appropriate at that time.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand (ECF No. 7) and **REMANDS** this action to the Lake County Court of Common Pleas.

**SO ORDERED.**

Dated: October 22, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

7